IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FEDERAL TRADE COMMISSION and UTAH DIVISION OF CONSUMER PROTECTION,**<br><br>               **Plaintiff,**<br><br>vs.<br><br>**ZURIXX, LLC, ET AL.,**<br><br>               **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:19CV713-DAK-EJF**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Evelyn J. Furse** |

This matter is before the court on Plaintiffs' Rule 72(a) Objections to Magistrate Judge's Stay Order of February 12, 2020 [ECF No. 110, 111], and Defendants' Motion to Certify for Appeal, Under 28 U.S.C. § 1292(B), Memorandum Decision and Order on Defendants' Partial Motion to Dismiss [ECF No. 114].   Both motions are fully briefed.  The court concludes that a hearing would not significantly aid in the court's determination of the motions. Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions as well as the law and facts relevant to the pending motions.

**Plaintiffs' Objections to Magistrate Judge's Order to Stay Discovery**

The Magistrate Judge's Stay Order prohibits all discovery, with the exception of written discovery to third parties, pending the Supreme Court's decision in *Liu v. SEC*, 754 Fed. App's 505 (9th Cir. 2018), *cert. granted*, No. 18-1501, 2019 WL 5659111 (Nov. 1, 2019).

The court agrees with Plaintiffs that the Magistrate Judge's Stay Order is overly broad

and contrary to controlling Tenth Circuit law. There is no basis for staying discovery on state claims that are not potentially impacted in any way by *Liu*. The Stay Order also fails to recognize that, regardless of Liu, the FTC is entitled to discovery on Defendants' underlying liability under the FTC Act and remedies other than equitable monetary relief. There is no reason for this discovery to be delayed based on *Liu*.

Moreover, controlling Tenth Circuit law allows the FTC to obtain equitable monetary relief under Section 13(b). *FTC v. Freecom Communications, Inc.*, 401 F.3d 1192 (10th Cir. 2005); *FTC v. LoanPointe, LLC*, 525 Fed. App'x 696 (10th Cir. 2013). Absent a contrary decision from the Supreme Court, this court is bound to apply Tenth Circuit precedent. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 193). Because *Liu* involves a different federal statute, even if the Supreme Court ruled as Defendants desire, this court would still be bound by Tenth Circuit precedents regarding the FTC Act specifically. While *Liu* has a potential impact on this case through future litigation regarding the FTC Act, *Liu*'s impact on this case at this time is speculative. *Liu* is not dispositive of any issue in this case. Therefore, *Liu* is not a proper basis, legally or factually, for staying this case. Defendants' requested stay is premature before the Section 13(b) question itself is before the Supreme Court . And, as discussed above, even if a Section 13(b) case was before the Supreme Court, Plaintiffs are entitled to pursue discovery on its other claims and remedies.

The court concludes that the Magistrate Judge's Stay Order is clearly erroneous and contrary to law. Accordingly, the court vacates the Magistrate Judge's February 12, 2020 Stay Order.

**Defendants' Motion to Certify for Appeal**

Defendants ask the court to issue an order clarifying that the Court's February 26, 2020 Memorandum Decision and Order denying Defendants' Partial Motion to Dismiss involves a controlling question of law as to which substantial grounds for differences of opinion exist, and that immediate appeal of the Order will materially advance the termination of this litigation so that a defendants may petition the Tenth Circuit for permission to seek an interlocutor appeal. Specifically, Defendants seek an interlocutory appeal on the court's ruling that the FTC may seek equitable monetary relief under Section 13(b) of the FTC Act for Defendants' alleged violations of the FTC Act.

Under 28 U.S.C. § 1292(b), "[a] district court may certify for appeal an otherwise unappealable interlocutory order if the court determines that 'such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994). While certification "lies wholly within the sound discretion of the court," the Tenth Circuit has counseled that it should be limited to "extraordinary cases." *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994).

The parties dispute whether the remedy issue under Section 13(b) is a controlling question of law. Whether the FTC is entitled to equitable monetary relief under Section 13(b) of the FTC Act is one of several potential remedies sought in the event that Plaintiffs' establish Defendants' liability. Under the Tenth Circuit's decision in Homeland Stores, questions relating to potential or alternative remedies are not controlling within the meaning of Section 1292(b)

because they do not relate to the merits of Plaintiffs claims or the determination of liability on the merits. *Homeland Stores*, 17 F.3d at 1272.

In this case, Plaintiffs have asserted several claims against Defendants under several statutes which provide several alternative remedies. Moreover, Plaintiffs have state law claims that may also provide for monetary relief. Accordingly, there is no basis for concluding that an interlocutory appeal regarding the 13(b) issue could prevent extended and expensive proceedings. The issue relates to one of several available remedies. Regardless of the availability of this remedy, the parties must still litigate the issue of liability and the extent of the harm for purposes of other available remedies. If anything, the appeal would complicate and delay the present litigation. Therefore, the 13(b) remedy issue does not constitute a controlling question of law under Tenth Circuit standards.

The parties further dispute whether there are substantial grounds for difference of opinion of the Section 13(b) equitable monetary relief issue. Because the court has already determined that the Section 13(b) remedy issue is not a controlling question of law, the could does not need to address this requirement. However, even if the court were to address it, the requirement is not met because the Tenth Circuit has binding precedent on the issue. *Freecom Communications*, 401 F.2d 1192; *LoanPointe*, 525 F. App'x at 696. This standard can only be met where the circuit courts are in dispute and the court of appeals of the circuit has not spoken on the issue. *Roberts v. C.R. England, Inc.*, No. 2:12-CV-302, 2018 WL 2386056, at *2 (D. Utah, Apr. 24, 2018).

Finally, a legal challenge to the scope of relief will not materially advance the termination of a case, even if it were to significantly lessen one avenue for recovery. As noted above,

Plaintiffs have several claims against Defendants under several statutes, which provide additional grounds for monetary relief and other alternative remedies. The parties must litigate Defendants' liability under all of these statutes and the alleged harm.  There is no basis for concluding that an interlocutory appeal on one such avenue for relief at this juncture would materially advance the termination of the litigation.

Accordingly, the court finds that Defendants have not met the requirements necessary for this court to certify an interlocutory appeal on the Section 13(b) issue. The court, therefore, denies Defendants' Motion to Certify for Appeal.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Rule 72(a) Objections to Magistrate Judge's Stay Order of February 12, 2020 [ECF No. 110, 111] are GRANTED and the Magistrate Judge's Stay Order [ECF. No. 108] is VACATED, and Defendants' Motion to Certify for Appeal, Under 28 U.S.C. § 1292(B), Memorandum Decision and Order on Defendants' Partial Motion to Dismiss [ECF No. 114] is DENIED.

DATED this 28th day of April, 2020.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge