IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and UTAH DIVISION OF CONSUMER PROTECTION,<br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>ZURIXX. LLC; *et al.*,<br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:19-CV-713-DAK-DAO<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

　　　　This matter is before the court on Receiver David K. Broadbent's Motion for Order Holding Efron Dorado, S.E. and David Efron in Contempt of Court [ECF No. 113].  The motion is fully briefed.  The court does not believe that oral argument would significantly aid in its determination of the motion.  Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions and the law and facts relevant to the pending motion.

　　　　Zurixx leased office space from Efron Dorado, a Puerto Rico special partnership.  The office was closed shortly after legal proceedings were initiated in this matter, but it contains computer servers, documents, furniture, and other property owned by Zurixx.  In accordance with his mandate to take control of receivership assets, the Receiver took actions to remove Zurixx's property from the Puerto Rico office and liquidate it or ship it to Utah.  On November 8, 2019, the Receiver filed a copy of the Complaint and Injunction with the United States District Court

for the District of Puerto Rico, Case No. 3:19-MC-403. Pursuant to 28 U.S.C. § 754, "a receiver appointed in any civil action or proceeding involving property, real, personal, or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof."

Utah and Puerto Rican counsel for the Receiver have been in contact with David Efron, a partner with Efron Dorado, and his representatives regarding access to Zurixx's assets at the office and rental payments. However, the parties' discussions broke down regarding these matters and Efron Dorado filed an eviction action in Puerto Rico, Case No. 2020-CV-1121. Efron Dorado also took possession of the assets at the office pursuant to the lease between Efron Dorado and Zurixx.

Efron Dorado and David Efron allege that they have not been notified of proceedings in this case and that they are entitled to the assets in the office under the terms of the lease. However, this Court and the Receiver have exclusive jurisdiction over receivership assets. 28 U.S.C. § 754. The Injunction this Court entered is lawful and valid. The Receiver provided David Efron with actual notice of the Injunction in this action at the outset of the receivership. The Receiver submitted an email directed to Efron on November 5, 2019, which included a copy of the Injunction entered in this case. The Receiver also properly filed copies of the Complaint, Injunction, and Order of Appointment of Receiver, in the Puerto Rico district court. Although Efron takes issue with the form of notice he received, non-parties with actual notice of the Injunction are subject to that Order. *Id.*; *see also Liberte Capital Gr. LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). There is no requirement that non-parties subject to the Injunction be

served by a process server as if they were a defendant in the action.

The provisions of the Injunction are specific and clear. The Injunction specifically requires persons and business entities in possession of the defendant's assets to "prohibit the withdrawal, removal, alteration, assignment, transfer . . . , or other disposal of any such Document or Asset" owned by the defendants. The Injunction also directs the Receiver to "[t]ake exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated."

Despite having actual knowledge of these provisions, Efron Dorado and Efron have prevented the Receiver from taking control of Zurixx's assets. Pursuant to the Injunction, Zurixx's assets belong to the receivership. Efron Dorado asserts that the Zurixx property located in the office belongs to it as the landlord pursuant to its lease agreement with Zurixx, which provides the landlord with the right to take possession of the tenant's property for nonpayment of rent. However, Efron Dorado has not presented any evidence that Zurixx was in breach or default of th elease agreement prior to the Receiver's appointment. Once the Receiver was appointed, the Court took exclusive jurisdiction over Zurixx's assets and any contingencies created by the lease agreement were prohibited under the injunction. There is no basis for Efron Dorado's position that the lease agreement trumps the receivership's interests.

The court understands Efron Dorado's frustration at not receiving ongoing rent payments. However, there is no evidence that Zurixx's was behind on its rent payments at the time the receivership began. And, when the Court created the receivership, all parties subject to the Injunction were tasked with working together to best preserve assets for the receivership estate.

Everyone involved should have recognized that it was in the receivership's best interest to get Zurixx's assets to the Receiver as soon as possible. Efron Dorado should have recognized the legitimacy of the Injunction and worked with the Receiver to efficiently turn over Zurixx's assets and wrap up the lease. Efron Dorado should have worked with the Receiver on how and when to terminate the lease and settled matters regarding the security deposit. Rather than cooperating, Efron Dorado appears to have caused a breakdown in communications that needlessly prolonged the process and cost both parties in legal fees.

Efron Dorado and Efron's request for sanctions is further evidence of their inability to recognize the controlling law regarding receiverships and the need to work with the Receiver. The Receiver did not cause the disruption or inconvenience to Efron Dorado's business. Many parties have been affected by these proceedings. The Receiver, however, is tasked with trying to administer a myriad of matters as equitably as possible for the parties involved and many of those parties will have conflicting interests. There is no evidence that counsel for the Receiver acted in bad faith or did anything other than try to move the process along. Counsel had been in contact with Efron several times and tried to have the present motion served by a process server twice before asking for alternative service. The court concludes that there is no basis for Efron Dorado's request for sanctions against the Receiver or his counsel.

The court agrees with the Receiver that Efron Dorado and Efron's actions violate the Injunction and are in contempt of court. The court orders Efron Dorado and Efron (1) to allow the Receiver and his representatives access to the office to recover and remove Zurixx's assets or (2) to compensate the Receiver for the value of those assets that Efron Dorado and/or Efron took

or otherwise disposed of in violation of the Injunction. If Efron Dorado and Efron do not comply with this Order within thirty days, the Court will require them to pay the Receiver's legal fees in connection with the present motion.

For the reasons stated above, the court GRANTS the Receiver's Motion for Order Holding Efron Dorado, S.E. and David Efron in Contempt of Court [ECF No. 113] and DENIES Efron Dorado and Efron's request for sanctions against the Receiver's counsel.

DATED this 27th day of July, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge