IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and UTAH DIVISION OF CONSUMER PROTECTION,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ZURIXX. LLC; *et al.*,<br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:19-CV-713-DAK-DAO<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

　　　　This matter is before the court on  Efron Dorado, S.E.[1] and David Efron's Motion for Reconsideration and In Compliance With the Court's Order [ECF No. 173] and Urgent Motion to Stay [ECF No. 185].  The Receiver David K. Broadbent has responded to both motions and the time for Efron to reply has passed.  The court does not believe that oral argument would significantly aid in its determination of the motions.  Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions and the law and facts relevant to the pending motions.

　　　　Efron's Motiont o Reconsider raises all the same issues the court previously considered and denied.  Efron does not allege that a change in the law or new evidence supports his motion.

---

　　[1]  While David Efron can appear *pro se* for himself, he cannot do so for Efron Dorado S.E.  If David Efron wishes to appear as Efron Dorado S.E.'s attorney, he must follow this court's *pro hac vice* rules.  Until such time as Efron Dorado S.E. is properly before the court, the court will refer to the motions filed *pro se* by David Efron as being only for David Efron.

A motion to reconsider cannot merely reiterate the same arguments previously advanced or arguments that could have been asserted at the time of the original motion. *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Efron's motion appears to seek both reversal of the court's prior order and a request that the Receiver comply with the court's prior order. To the extent that his motion seeks to have the Receiver comply with the court's prior order, the parties appear to be in agreement. The court and the parties appear to agree that the parties should agree on a date when the Receiver can remove Zurixx's furniture and equipment from the office.

Efron's Motion to Stay does not present grounds for staying the court's prior order. Efron seeks a stay throughout the appellate process but he does not mention or address any of the factors relevant to a stay pending appeal. The court does not think that Efron has a likelihood of success on appeal and he has not attempted to address the harms any of the parties face. The court's prior order stated that Efron should allow the Receiver to remove the furniture and equipment or compensate the Receiver for the value of those items. There is no basis for concluding that the Receiver's counsel attempted to extort money from Efron when he (1) asked if Efron would rather compensate the Receiver for the items than allow the Receiver to remove the furniture and equipment and (2) provided Efron with a list of the items and estimated values. The court's prior order contemplates that the parties could negotiate on a price for the furniture and equipment if the parties preferred to resolve their dispute through compensation for the value of the items. Such negotiations do not constitute attempted extortion. If Efron does not want to compensate the Receiver for the furniture and equipment, he should simply notify the Receiver

that he does not wish to negotiate and work out a date for the Receiver's removal of the furniture. The court agrees that the parties should attempt to resolve this within fifteen days.

To the extent that Efron seeks a stay based on the ongoing litigation before the Supreme Court regarding the scope of the relief available under the FTC Act, the litigation is irrelevant to to issues Efron raises. The FTC Act authorizes injunctions and the Receiver is merely acting pursuant to this court's preliminary injunction order.

For the reasons stated above, the court DENIES Efron's Motion for Reconsideration and In Compliance With the Court's Order [ECF No. 173] and DENIES Efron's Urgent Motion to Stay [ECF No. 185].

DATED this 20th day of October, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge