HOLLAND & HART LLP
Doyle S. Byers, #11440
Cory A. Talbot, #11477
Engels J. Tejeda, #11427
Chelsea J. Davis, #16436
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for David K. Broadbent as Court-Appointed Receiver*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>ZURIXX, LLC, a Utah limited liability company, CARLSON DEVELOPMENT GROUP, LLC, a Utah limited liability company, CJ SEMINAR HOLDINGS, LLC, a Utah limited liability company, ZURIXX FINANCIAL, LLC, a Utah limited liability company, CRISTOPHER A. CANNON, individually and as an officer of ZURIXX, LLC, JAMES M. CARLSON, individually and as an officer of ZURIXX, LLC, and JEFFREY D. SPANGLER, individually and as an officer of ZURIXX, LLC,<br><br>Defendants. | **RECEIVER'S SECOND MOTION FOR ORDER HOLDING EFRON DORADO, S.E. AND DAVID EFRON IN CONTEMPT OF COURT AND FOR CIVIL SANCTIONS**<br><br>Case Number 2:19-cv-00713<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

David K. Broadbent, the Court-appointed receiver (the "Receiver"), moves for a second order holding Efron Dorado, S.E. ("Efron Dorado") and David Efrón in contempt of Court for their continued defiance of the November 1, 2019 Stipulated Preliminary Injunction [ECF 54] (the "Injunction") as well as their violation of the Court's July 27, 2020 Memorandum Decision and Order [ECF 166] (the "Contempt Order").

Most recently, Mr. Efrón and Efron Dorado have prevented the Receiver from auctioning personal property of defendant Zurixx, LLC ("Zurixx") located in Zurixx's former office in Puerto Rico with an original invoice value of about $495,792 (the "Zurixx Property")[1] by failing or refusing to schedule a time when putative buyers could collect the same. Instead, in a blatant attempt to create a schism between this Court, which has *in rem* jurisdiction over the Zurixx Property, and the Bayamón Superior Court in Puerto Rico, Mr. Efrón has insisted that

> we should wait to see what happens at the eviction final hearing which is set for January 28 in the Bayamón Superior Court. What the court rules there will be telling and indicative as to whether your receiver should Or [*sic*] should not have access to our property.

(Jan. 20, 2021 email from D. Efrón to F. Van Derdys (Ex. 1); Declaration of E. Tejeda ("Tejeda Decl."), ¶ 4 (Ex. 4).)

Mr. Efrón's attempt at forum shopping is causing the Receivership Estate to incur unnecessary expenses, including legal fees. Even worse, it may lead the Zurixx Property to lose value and thereby decrease the potential return to the Receivership Estate.

---

[1] Mr. Efrón's continuous interference with the Receiver's attempt to dispose of the Zurixx Property have made it impossible for the Receiver to realize or determine the actual, fair market value of the Zurixx Property, which consists in large part of office equipment.

## RELEVANT FACTS

1. Efron Dorado, a Puerto Rico special partnership, is the landlord of certain office space in Puerto Rico (the "Puerto Rico Office") leased by Zurixx. Upon information and belief, Mr. Efrón is a partner with Efron Dorado.

2. The Zurixx Property is located at the Puerto Rico Office, and includes, among other things, computer servers, documents, furniture, and other property owned by Zurixx, which pursuant to the Injunction belong to the Receivership Estate.

3. Mr. Efrón has received actual notice of the Injunction, has been informed of the Receiver's appointment, and has had actual knowledge of the clear and specific provisions of the Injunction, which direct the Receiver to take control of Zurixx's assets, including the property located at the Puerto Rico Office. (*See* Receiver's Motion for Order Holding Efron Dorado, S.E. and David Efron in Contempt of Court [ECF 115] ("First Contempt Motion"), Ex. 1; Contempt Order, at 3.)[2]

4. Mr. Efrón has received actual notice of the Contempt Order and the orders contained therein. (*See* Motion for Reconsideration and In Compliance with the Court's Order [ECF 173].)

---

[2] On November 8, 2019, the Receiver filed a copy of the Complaint and the Injunction with the United States District Court for the District of Puerto Rico in miscellaneous action 3:19-mc-403. Pursuant to 28 U.S.C. § 754, "a receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof."

First Contempt Order

5.     Since early 2020, Mr. Efrón has prevented and hindered the Receiver's efforts to retrieve the Zurixx Property. In February 2020, Mr. Efrón gave a shipping contractor working with the Receiver's local counsel permission to access the Puerto Rico Office through Friday, February 28, 2020, to remove some of Zurixx's personal property—servers, the hard disks on laptops and personal computers, uninstalled hard disks, and certain paper files—but prevented the removal of the remaining Zurixx assets, which remain at the Puerto Rico Office.

6.     On March 11, 2020, the Receiver filed the First Contempt Motion [ECF 115] requesting that the Court hold Efron Dorado and Mr. Efrón in contempt of Court for preventing the Receiver from taking control of the Zurixx Property in violation of the Injunction.

7.     On July 27, 2020, this Court granted the First Contempt Motion and held that "Efron Dorado and Efron's actions violate the Injunction and are in contempt of court." (Contempt Order [ECF 166], at 4.) The Court ordered "Efron Dorado and Efron (1) to allow the Receiver and his representatives access to the office to recover and remove Zurixx's assets or (2) to compensate the Receiver for the value of those assets that Efron Dorado and/or Efron took or otherwise disposed of in violation of the Injunction." (*Id.* at 4–5.)[3]

---

[3] On August 26, 2020, Mr. Efrón filed a Notice of Appeal of the Contempt Order [ECF 177]. The appeal is currently pending before the Tenth Circuit, case no. 20-4090, and briefing has yet to be completed. Notwithstanding the Notice of Appeal, this Court retains jurisdiction to rule on the aspects of the instant Motion because an adjudication of civil contempt is generally not appealable until sanctions have been imposed, which has yet to occur here, and because this Motion deals with ongoing contempt with respect to the Injunction. *See, e.g.*, *United States v. Gonzales*, 531 F.3d 1198, 1202–03 (10th Cir. 2008). Nevertheless, the Court "may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantive issue." Fed. R. Civ. P. 62.1(a).

Mr. Efrón's Continued Defiance of the Injunction

8. In early December 2020, Mr. Efrón allowed the Receiver's auctioneer to tour the Puerto Rico Office and inspect the Zurixx Property.

9. On December 10, 2020, the Receiver's attorneys asked Mr. Efrón whether he would grant the auctioneer and putative buyers access to the Puerto Rico Office the week of December 21 and 28, 2020. (*See* Dec. 10, 2020 email from E. Tejeda to D. Efrón (Ex. 2); Tejeda Decl., ¶ 5 (Ex. 4).)

10. Mr. Efrón failed or refused to respond to the December 10, 2020 request, causing the postponement of the auction beyond the 2020 holiday season, which typically lasts through the second week of January.

11. On January 15, 2021, the Receiver, through local counsel, again requested that Mr. Efrón confirm he would give the auctioneer and putative buyers access to the Puerto Rico Office to retrieve the Zurixx Property the week of January 25, 2021. (*See* Jan. 15, 2021 email from F. Van Derdys to D. Efrón, attached as Ex. 3; Tejeda Decl., ¶ 6 (Ex. 4).)

12. On January 20, 2021, Mr. Efrón denied the Receiver's request to access the Puerto Rico Office and represented that counsel has advised him to "wait to see what happens at the eviction final hearing which is set for January 28" because that ruling "will be telling and indicative as to whether [the] receiver should or should not have access to our property." (Ex. 1.)

Proceedings in the Bayamón Superior Court

13. On or about February 3, 2020, Efron Dorado filed an eviction action against Zurixx in the Bayamón Superior Court, Puerto Rico, Case No. 2020-CV-1121, and took possession of the assets at the Puerto Rico Office, purportedly pursuant to the lease agreement, in

5

violation of the Injunction. On or about September 28, 2020, the Receiver, through counsel, moved to stay the eviction proceeding.

14. On or about October 30, 2020, the Bayamón Superior Court ruled that an eviction is permissible because the real property is not part of the Receivership Estate. The Bayamón Superior Court has set a hearing for Thursday, January 28, 2021, at 2:30 p.m., but has not specified the purpose of the hearing.

## ARGUMENT

"In order to hold a party in civil contempt, a court must find clear and convincing evidence '[1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order.'" *Sara Lee Corp. v. Sycamore Family Bakery Inc.*, No. 2:09-CV-523, 2011 WL 1807779, at *2 (D. Utah May 12, 2011) (quoting *FTC v. Kuykendall*, 371 F.3d 745, 757–58 (10th Cir. 2004)) (alterations in original).[4] Here, all elements are met for the second time and Efron Dorado and Mr. Efrón should be held in further contempt of Court for their continued defiance of the Injunction and their violation of the Court's Contempt Order.

### 1. Efron Dorado and Mr. Efrón had actual knowledge of the Injunction and the Contempt Order, which are valid, specific, and definite.

The Court has already held that "[t]he provisions of the Injunction are specific and clear", that "[t]he Injunction this Court entered is lawful and valid", and that "[t]he Receiver provided

---

[4] Section XVI of the Injunction permits the Receiver to file a motion seeking compliance or a contempt citation "[i]n the event that any Person fails to deliver or transfer any Asset or Document or otherwise fails to comply with any provision of this Section." (Inj. at 22.)

6

David Efron with actual notice of the Injunction in this action at the outset of the receivership." (Contempt Order, at 2, 3.) As in the Receiver's First Contempt Motion, here, Efron Dorado and Mr. Efrón have continued to retain possession of the Zurixx Property located at the Puerto Rico Office and, therefore, remain subject to provisions of the Injunction governing holders of such assets. (*See* First Contempt Motion, at 5.)

Similarly, the Court's Contempt Order [ECF 166] is likewise valid, specific, and definite. Mr. Efrón had actual notice of the Contempt Order as evidenced by Mr. Efrón's attempt to challenge the Contempt Order on reconsideration—which was unsuccessful. In particular, on October 20, 2020, the Court denied Mr. Efrón's Motion for Reconsideration and In Compliance With the Court's Order [ECF 173] and Mr. Efrón's Urgent Motion to Stay [ECF 185]. (*See* Oct. 20, 2020 Memorandum Decision and Order [ECF 193].) In so doing, the Court reiterated that the Contempt Order gave Efron Dorado and Mr. Efrón a choice between one of two options—either (a) compensate the Receiver for the value of the furniture and equipment or (b) work out a date for the Receiver's removal of the items. (*Id.* at 2–3).

**2. Efron Dorado and Mr. Efrón actions continue to violate the Injunction and also violate the Contempt Order.**

The Court's Contempt Order made it explicitly clear that "[o]nce the Receiver was appointed, the Court took exclusive jurisdiction over Zurixx's assets and any contingencies created by the lease agreement were prohibited under the injunction." (Contempt Order, at 3.) Despite having actual knowledge of the Injunction and the Contempt Order, Efron Dorado and Mr. Efrón have continued to act in direct violation of both orders by preventing the Receiver from taking control of the remaining Zurixx assets located at the Puerto Rico Office and by simultaneously prosecuting the eviction action in the Bayamón Superior Court in an effort to

seek a contrary conclusion as to the Receiver's access and the Zurixx Property. Such behavior demonstrates a blatant disregard for this Court's authority and exclusive jurisdiction over Zurixx's assets. *See, e.g.*, *United States v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1236 (D. Utah 2020) (behavior where a person "has attempted to take, or has taken control over, or otherwise interfered with, Receivership Property . . . demonstrates their overt contempt for this Court and its orders").

In accordance with the Injunction (and Contempt Order), the Receiver requested access to the Puerto Rico Office during the last weeks of December 2020, which Mr. Efrón never granted. The Receiver asked again for access the week of January 26th hoping to sell the Zurixx Property at an auction on January 26, 2021. Mr. Efrón refused to allow the Receiver to access the premises and is actively interfering with the Receiver's efforts to sell the remaining Zurixx items at the upcoming auction. Efron Dorado and Mr. Efrón have the ability to comply, and are capable of complying, with their obligations under the Injunction (and the Contempt Order), yet merely refuse to do so based on grounds previously rejected by the Court. *See Bad Ass Coffee Co. v. Bad Ass Coffee Ltd. Partnership*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) ("The contemnor's disobedience need not be willful to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered.").

Rather than allowing the Receiver to access the Puerto Rico Office in compliance with the Injunction and Contempt Order, Efron Dorado and Mr. Efrón have instead elected to wait for the Bayamón Superior Court's ruling at the final eviction hearing, which they purport will indicate whether the Receiver should have access to the Puerto Rico Office to retrieve the Zurixx

Property. This sustained defiance of the Injunction (and Contempt Order) demonstrates Efron Dorado's and Mr. Efrón's overt contempt for this Court and its orders so as to necessitate additional civil sanctions.

Further, Efron Dorado's and Mr. Efrón's contumacy has caused the Receiver to needlessly incur substantial fees and costs disproportionate to the value of the assets at issue. *See, e.g.*, *United States v. RaPower-3, LLC*, No. 2:15-CV-00828, 2019 WL 9598737, at *12 (D. Utah June 25, 2019) ("Coercive sanctions like a monetary penalty and incarceration are available for continued defiance."). With respect to the First Contempt Motion, the Court found that "[r]ather than cooperating, Efron Dorado appears to have caused a breakdown in communications that needlessly prolonged the process and cost both parties in legal fees." (Contempt Order, at 4.). Mr. Efrón has since continued to prolong the process, forcing the Receiver to respond to a motion to reconsider the Contempt Order [ECF 173] raising the same previously rejected issues and an "urgent" motion to stay the Contempt Order [ECF 185] predicated on litigation irrelevant to the issues raised by Mr. Efrón. The Court denied both motions [ECF 193]. Now, Efron Dorado's and Mr. Efrón's contumacy has needlessly necessitated this Second Motion for Contempt. Such bad faith defiance merits additional civil sanctions to remedy the harm caused to the Receiver by Efron Dorado's and Mr. Efrón's contumacy.

## **RELIEF REQUESTED**

To remedy noncompliance with a court order, courts will issue contempt orders to coerce compliance with the order or require compensation for losses sustained as a result of the noncompliance. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019); *McComb v. Jacksonville*

*Paper Co.*, 336 U.S 187, 190 ("Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."); *accord Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998). In determining the appropriate sanction, courts "grant the relief that is necessary to effect compliance with its decree." *McComb*, 336 U.S. at 193. Where the sanction is coercive, courts must consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947); *accord TFG-Michigan, L.P v. Grain*, 2017 WL 4334124, at *4 (D. Utah Sept. 28, 2017).

For Efron Dorado's and Mr. Efrón's continued defiance of the Injunction and willful violation of the Contempt Order, the Receiver requests the following relief: (1) an award of reasonable attorney's fees and costs incurred by the Receiver to enforce the Injunction and for all litigation related to both contempt motions, including the Receiver's fees;[5] (2) compensation to the Receiver for the value of the Zurixx Property; and (3) coercive sanctions in an amount deemed necessary and sufficient by the Court to deter further violations.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order holding Efron Dorado and Mr. Efrón in further contempt of Court for their continued defiance of the Injunction and violation of the Contempt Order and granting additional civil sanctions to remedy the harm caused by their

---

[5] Should the Court grant the Receiver's request for reasonable fees and costs, the Receiver will file the requisite affidavit and memorandum of fees and costs, along with supporting documents, within fourteen (14) days of notice of entry of such order or within the timeframe otherwise ordered by the Court.

contumacy in the following forms of relief: (1) an award of reasonable attorney's fees and costs incurred by the Receiver to enforce the Injunction and for all litigation related to both contempt motions, including the Receiver's fees; (2) compensation to the Receiver for the value of the Zurixx Property; and (3) coercive sanctions in an amount deemed necessary and sufficient by the Court to deter further violations.

RESPECTFULLY SUBMITTED this 26th day of January, 2021.

HOLLAND & HART LLP

/s/ Chelsea J. Davis
Doyle S. Byers
Cory A. Talbot
Engels J. Tejeda
Chelsea J. Davis
*Attorneys for David K. Broadbent as Court-Appointed Receiver*

## INDEX OF EXHIBITS

1 - Jan. 20, 2021 email from D. Efrón to F. Van Derdys

2 - Dec. 10, 2020 email from E. Tejeda to D. Efrón

3 - Jan. 15, 2021 email from F. Van Derdys to D. Efrón

4 - Declaration of E. Tejeda, dated January 26, 2021

16065922_v4