UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>   Plaintiff,<br><br>v.<br><br>ZURIXX, LLC, et al.,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO INTERVENE (DOC. NO. 242)<br><br>Case No. 2:19-cv-00713-DK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Proposed Intervenors' Rule 24 Motion to Intervene, ("Mot.," Doc. No. 242), filed by Students of Zurixx ("Students"). Students move to intervene to seek declaratory judgment and equitable relief against Plaintiffs Federal Trade Commission ("FTC") and Utah Division of Consumer Protection (collectively, "Plaintiffs"). (*Id*. at 1.) Students assert they purchased services from Zurixx, LLC, and other defendants ("Zurixx") and should continue to receive those services. (*Id*.) For the reasons set forth below, the motion to intervene is DENIED.[1]

## BACKGROUND

Zurixx advertises, markets, and sells real estate investment products and services to consumers throughout the United States. (Sec. Am. Compl. for Perm. Inj. & Other Equitable

---

[1] Pursuant to Local Rule DUCivR 7-1(f), the court finds oral argument unnecessary and decides the motion based on the parties' written memoranda.

1


Relief ("Sec. Am. Compl.") 4, Doc. No. 219.) On September 30, 2019, Plaintiffs initiated this action against Zurixx, claiming Zurixx violated the Federal Trade Commission Act, Utah Consumer Sales Practices Act, and Business Opportunity Disclosure Act, in part, by engaging in unfair or deceptive business practices. (Compl. for Perm. Inj. & Other Equitable Relief 2, Doc. No. 1; Mot. 4, Doc. 242.) Plaintiffs obtained a temporary restraining order against Zurixx, and the parties subsequently stipulated to entry of a preliminary injunction. (Ex Parte T.R.O. with Asset Preservation, Appoint. of a Temp. Monitor over Corp. Defs., & Other Equitable Relief, & Order to Show Cause Why a Prelim. Inj. Should Not Issue, Doc. No. 24; Stipulated Prelim. Inj. ("Prelim. Inj."), Doc. No. 54.)

As part of the preliminary injunction, Zurixx was "preliminarily restrained and enjoined from advertising, marketing, distributing, promoting, or offering for sale, or assisting the advertising, marketing, distributing, promoting, or offering for sale of, any Real Estate Coaching Program or Business Coaching Program." (Prelim. Inj. 6–7, Doc. No. 54.) A receiver was also appointed and directed to determine whether Zurixx could operate legally and profitably and, if not, to suspend business operations. (*Id.* at 18.) The receiver suspended Zurixx's operations, "determining that 'such operations cannot be continued legally and profitably.'" (Receiver's Status Report 3, Doc. No. 176.) The FTC filed an amended complaint on May 12, 2020; and a second amended complaint on February 12, 2021. (First Am. Compl. for Perm. Inj. & Other Equitable Relief, Doc. No. 134; Sec. Am. Compl., Doc. No. 219.)

Students are individuals who reside across the United States and purchased services from Zurixx to support their real estate businesses and investments. (Mot. 2, 5–6, Doc. No. 242; Intervenors' Class Action Compl. for Declaratory J. 2–3, Doc. No. 242-1.) Purchased services include access to Zurixx's Online Resource Center (forms, tutorials, information, updates, news,

and other content), advance course rights, and customer support. (Mot. 2, Doc. No. 242.) Students dispute that Zurixx has engaged in unfair or deceptive acts or practices; to the contrary, they assert they have received, enjoyed, and benefited from Zurixx's services. (*Id.* at 4.)

Students allege both that the current litigation has disrupted their access to Zurixx's resources, and that the FTC has acted unlawfully and deprived Students of Zurixx's services. (*Id.* at 2–3.) Students seek to intervene in this matter to protect their access to these purchased services.

## LEGAL STANDARDS

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right and provides, as relevant here:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under this rule, applicants may intervene as of right if the following elements are met: "(1) the application is timely; (2) the applicant[s] claim[ ] an interest relating to the property or transaction which is the subject of the action; (3) the applicant[s'] interest may as a practical matter be impaired or impeded; and (4) the applicant[s'] interest is [not] adequately represented by existing parties." *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (alteration in original). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Id.*

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention and provides, as relevant here, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or

fact." Fed. R. Civ. P. 24(b)(1)(B). The rule also provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ANALYSIS

Students seek leave to intervene either as of right under Rule 24(a) or permissively under Rule 24(b). (Mot. 7–15, Doc. No. 242.) In opposition, Plaintiffs argue Students lack Article III standing and fail to meet the requirements of either intervention as of right or permissive intervention. (Pls.' Opp'n to Mot. to Intervene ("Pls.' Opp'n"), Doc. No. 267.) Zurixx did not respond to Students' motion to intervene.

   I.   Article III Standing

"[A]n intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). "Article III standing requires a litigant to show: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury can likely be redressed by a favorable decision." *Kane Cnty. v. United States*, 928 F.3d 877, 888 (10th Cir. 2019) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

As a threshold matter, Students assert they have standing to intervene in this action. (Mot. 7, Doc. No. 242.) Students allege they have been deprived of access to Zurixx's Online Resource Center and other services they paid for, and that such deprivation constitutes an injury in fact sufficient for Article III standing. (*Id.* at 8.) Students further claim their injury is directly traceable to Plaintiffs bringing this action and the preliminary injunction. (*Id.*) Students argue that implementation of the receivership was unlawful and beyond the scope of the FTC's

4

authority. (Intervenors' Reply in Support of Their Rule 24 Mot. to Intervene ("Reply") 2, Doc. No. 299.) Finally, Students argue a favorable court decision will restore their access to Zurixx's resources, by either setting aside the injunction or requiring the receiver to provide access to the resources. (Mot. 8, Doc. No. 242.)

Plaintiffs contest that Students have standing to intervene, focusing on the last factor in *Kane County*, 928 F.3d at 888—whether Students' alleged injury can likely be redressed by a favorable decision. (Pls.' Opp'n 3, Doc. No. 267.) Plaintiffs argue the requested declaratory action sought by Students will not change Students' situation because Zurixx's operations ceased more than nineteen months ago, after the receiver concluded Zurixx could not operate legally and profitably. (*Id*. at 3.) Plaintiffs argue Students want specific performance of their contracts by Zurixx, but they cannot obtain this remedy because they do not raise any claims against Zurixx or the receiver. (*Id*. at 3–4.)

In support of their argument, Plaintiffs cite to *Federal National Mortgage Association v. Takas*, No. 2:17-CV-204-DAK, 2017 U.S. Dist. LEXIS 109768 (D. Utah July 14, 2017) (unpublished). In that case, the plaintiff company sued Ms. Takas for unlawful detainer of real property. *Id*. at *3–4. Ms. Takas filed a third-party complaint against the Secretary of the United States Department of Housing and Urban Development ("HUD") seeking injunctive relief from foreclosure. *Id*. at *6. "In terms of redressability, when a plaintiff's injury results from a government regulation of a third party, the plaintiff must establish that, if the court grants the requested relief, the third party will exercise its discretion in a manner that will redress plaintiff's injury." *Id*. at *11 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Because the foreclosure was pursuant to a mortgage contact HUD had no authority to alter, the

5

court held Ms. Takas' alleged injury was not redressable by the action against HUD. *Id*. at \*12–14.

Here, Plaintiffs are not parties to Zurixx's contracts with Students and cannot require performance under the contracts. However, unlike in *Takas*, Plaintiffs' actions resulted in Students' injury. Plaintiffs have alleged Zurixx has engaged in unfair or deceptive practices and sought the preliminary injunction restraining Zurixx from operating during the pendency of this action. Zurixx did not independently disrupt Students' access to its services. There is no indication Zurixx would breach its contract with Students if Students' requested relief were granted and Zurixx resumed operations. Therefore, Students' alleged injury can likely be redressed by a favorable decision. Students have established Article III standing to intervene in this case.

    II.    <u>Intervention as of Right</u>

Students seek intervention as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Students must establish the following requirements to intervene as of right: timeliness, protectable interest, practical impairment, and inadequate representation. *Zinke*, 877 F.3d at 1164. Plaintiffs do not contest that Students have a protectable interest sufficient for intervention which would be impaired if they are not permitted to intervene. *See* Mot. 12, Doc. No. 242; *see also Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001) ("[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal."). Instead, Plaintiffs oppose intervention, arguing the intervention is untimely and prejudicial, and the current parties adequately represent Students' interests. (Pls.' Opp'n 5–9, Doc. No. 267.) These two factors are examined below.

### a. Timeliness

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (citing *Utah Ass'n of Cntys.*, 255 F.3d at 1250). Students assert that their motion to intervene is timely, and that they acted expeditiously after their rights were adversely affected by the case. (Mot. at 9.) They further argue the case is not yet in an advanced stage—the FTC filed its second amended complaint on February 12, 2021, an amended scheduling order was entered on July 7, 2021, fact discovery closes on October 22, 2021, and trial is set for September 12, 2022. (Am. Sched. Order, Doc. No. 305.) Students contend no party will be prejudiced by their intervention, particularly because new parties were recently added through the second amended complaint. (Mot. 10, Doc. No. 242.)

With respect to timeliness, Students' motion was filed more than eighteen months after the receiver suspended Zurixx's operations. As Plaintiffs point out, several critical deadlines have already passed in the case, including the deadlines to add parties or amend pleadings, to serve written discovery, and to disclose experts. (*See* Sched. Order, Doc. No. 151.) The parties also recently participated in a settlement conference. (*See* Settlement Conf. Report, Doc. No. 310.) Further, Plaintiffs argue Students seek to file a complaint amounting to a putative class action on behalf of tens of thousands of Zurixx customers, necessitating a new round of discovery and additional motion practice related to class issues, thereby adding significant time and delay. (Pls.' Opp'n 9, Doc. No. 267.)

7

In their reply, Students argue the Supreme Court's recent decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341, __ U.S. __ (2021), "represents an unusual circumstance justifying allowing intervention notwithstanding the passage of time since Plaintiffs wrongly commenced this action." (Reply 6, Doc. No. 299.) Further, Students assert that their intervention raises purely legal questions; they do not intend to pursue additional discovery. (Reply 7, Doc. No. 299.) Yet Students also note they will seek copies of the discovery the existing parties have produced, and they acknowledge the parties' need for discovery from Students. (*Id.*)

This factor weighs against intervention. Students could have and should have moved to intervene earlier. More than eighteen months have passed since the receiver suspended Zurixx's operations. Students provide no justification for failing to file their intervention motion much earlier in the case. Instead, they claim the "landmark shift" occasioned by the *AMG Capital Management* case warrants their intervention in the case. (*Id.* at 6.) Students believe the *AMG Capital Management* case substantially weakens the FTC's position in bringing this action, obtaining a preliminary injunction, and seeking a receivership. The problem with this argument is that even if *AMG Capital Management* does weaken Plaintiffs' case, it does not change the nature of Students' interest in this proceeding. At best, it affects the strength of Students' position. For this reason, it does not excuse or explain the lateness of this intervention motion— and it does not amount to an unusual circumstance. Where several critical deadlines have passed and the parties have participated in a settlement conference, it would be impossible to prevent prejudice to the existing parties if Students were to intervene. Accordingly, Students' motion is untimely.

### b. *Inadequate Representation*

Even if the intervention motion were timely, Students have failed to show their interests are inadequately represented by existing parties. Applicants may not intervene as a matter of right if existing parties adequately represent their interests. Fed. R. Civ. P. 24(a)(2). Students argue their interests are not adequately represented because (1) Plaintiffs have failed to provide the court with the perspective and experience of Students, and their actions in the case have harmed Students; and (2) Students have independent interests from Zurixx, leading to different legal strategies and requests for relief. (Mot. 12–13, Doc. No. 242.) As an example, Students point to Plaintiffs' and Zurixx's stipulation to entry of the preliminary injunction and other action directly conflicting with Students' interests (e.g., the ability to access and use Zurixx resources).

Although the burden to show inadequate representation is minimal, "a presumption of adequate representation arises when an applicant for intervention and an existing party have the same ultimate objective in the litigation." *Utah Ass'n of Cntys.*, 255 F.3d at 1255. Plaintiffs argue Zurixx shares the ultimate objective pleaded by Students: "defeating Plaintiffs' claims and establishing that Zurixx's customer contracts are lawful and enforceable (thus ending Plaintiffs' so-called 'interference' with those contracts)." (Pls.' Opp'n at 6.) "[M]otivations for pursuing that common objective are immaterial." *Statewide Masonry v. Anderson*, 511 F. App'x 801, 806–07 (10th Cir. 2013) (citing *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996)).

Here, Students have not shown their ultimate objective differs from Zurixx's. Students argue the FTC has exceeded its authority. (Reply 2, Doc. No. 299.) They seek continuation of Zurixx's educational programs, and resumption of the services to which they believe they are entitled. (*Id.* at 5.) There is no doubt Zurixx seeks the same outcome. *See* Defs.' Answer to

9

Pls.' Second Am. Compl. for Permanent Inj. and Other Equitable Relief and Demand for Jury Trial ("Defs.' Answer") 1, Doc. No. 239 ("Defendants deny that they have violated any laws and further deny that Plaintiffs are entitled to any relief against any of them."). Zurixx's original stipulation to a preliminary injunction does not change this uniformity in objectives. Zurixx has sought to modify the preliminary injunction and dissolve the receivership and has filed a memorandum based on *AMG Capital Management*—the same case Students highlight in their brief.[2] (Defs.' Mot. for Relief from Stipulated Prelim. Inj. Order & Mot. to Stay Briefing, Doc. No. 198; Defs.' Mot. to Modify Prelim. Inj. Order, Doc. No. 244; Defs.' Position with Respect to Supreme Court Decision in *AMG Capital Mgmt., LLC* ("Defs.' Position"), Doc. No. 260.) These actions illustrate that Students and Zurixx share litigation objectives. Where Students' interests are adequately represented by existing parties, Students are not entitled to intervene as of right.

### III. Permissive Intervention

Alternatively, Students request permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. The court may permit anyone to intervene who has a claim or defense sharing a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). "When this threshold requirement is met, the decision to allow or deny permissive intervention lies within the discretion of the district court." *Hale v. Marques*, No. 1:19-cv-00752, 2020 U.S. Dist. LEXIS 57282, *47 (D. Colo. Feb. 3, 2020) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Other considerations are: (1) "whether the

---

[2] Notably, the same argument, identically worded, regarding *AMG Capital Management* appears in Zurixx's position memorandum and in Students' reply in support of intervention. (*Compare* Defs.' Position 4–5, Doc. No. 260 *with* Reply 3–4, Doc. No. 299.)

would-be intervenor's input adds value to the existing litigation;" (2) "whether the petitioner's interests are adequately represented by the existing parties;" and (3) "the availability of an adequate remedy in another action." *Hale*, 2020 U.S. Dist. LEXIS 57282 at *47 (internal quotation marks omitted).

Plaintiffs do not dispute that Students' claims share a common question of law or fact with the main action—specifically, whether Zurixx has engaged in unfair or deceptive conduct such that their operations should be shut down and access to their products and services terminated. (Mot. 14, Doc. No. 242; Pls.' Opp'n 9–10, Doc. No. 267.) Instead, Plaintiffs primarily argue untimeliness and prejudice, as well as adequacy of representation, weigh against permissive intervention. (Pls.' Opp'n 10, Doc. No. 267.)

As discussed above, Students' motion is untimely, coming eighteen months after the receiver suspended Zurixx's operations, and after several critical deadlines have already passed. It would be impossible to mitigate or avoid the prejudice and undue delay that would stem from the intervention at this point in the case. And Students' justification for waiting so long to move to intervene is not persuasive, as discussed above. As also noted, Students' interests are adequately represented by existing parties. Students' intervention would not meaningfully contribute to the existing action. Zurixx already disputes it has engaged in consumer fraud or deception and intends to demonstrate "widespread satisfaction" among its students and customers. (Defs.' Answer 1–2, Doc. No. 239.) Students do not need to be parties to the action for Zurixx to present the evidence demonstrating student satisfaction—the same evidence Students would have presented. And Zurixx is already litigating issues related to *AMG Capital Management*. Accordingly, Students may not intervene permissively under Rule 24(b).

## CONCLUSION

For the foregoing reasons, the court DENIES Students' motion to intervene, (Doc. No. 242).

DATED this 10th day of August, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge