# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION and UTAH DIVISION OF CONSUMER PROTECTION,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ZURIXX, LLC, *et al.*,<br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:19-CV-713-DAK-DAO<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

　　　　This matter is before the court on Receiver David K. Broadbent's Second Motion for Order Holding Efron Dorado, S.E. and David Efron in Contempt of Court and for Civil Sanctions [ECF No. 213].  The court does not believe that oral argument would significantly aid in its determination of the motion.  Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions and the law and facts relevant to the pending motions.

　　　　As noted above, this is the Receiver's second motion for contempt in relation to office space Zurixx leased from Efron Dorado, a Puerto Rico special partnership.  The office was closed shortly after legal proceedings were initiated in this matter, and it contained computer servers, documents, furniture, and other property owned by Zurixx.  In accordance with his mandate to take control of receivership assets, the Receiver took actions to remove Zurixx's property from the Puerto Rico office and liquidate it or ship it to Utah.  On November 8, 2019,

the Receiver filed a copy of the Complaint and Injunction with the United States District Court for the District of Puerto Rico, Case No. 3:19-MC-403.  Pursuant to 28 U.S.C. § 754, "a receiver appointed in any civil action or proceeding involving property, real, personal, or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof."

Efron Dorado and David Efron, a partner with Efron Dorado, engaged is repeated efforts to prevent the Receiver from exercising control over the Zurixx property.  Despite eighteen months of obstructive tactics by Efron and Efron Dorado, the Receiver sold the property.  However, he seeks contempt sanctions in the amount of added legal fees and other expenses incurred as a result of the contumacious behavior.

The court has issued a ruling in this case modifying the Preliminary Injunction based on the Supreme Court's recent decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021).  While the court modified the role of the Receiver, the modification of the Receiver's role going forward does not change the issues in this motion for contempt.  The Receiver was charged with, and continues to be charged with, protecting Zurixx's assets and making those assets available for consumer redress.  The Receiver's actions with respect to the real property in Puerto Rico have been lawful and appropriate.  *AMG* does not impact the Receiver's contempt motion against Efron and Efron Dorado or excuse Efron or Efron Dorado's conduct.

In addition, the fact that Receiver has been able to sell the property does not excuse Efron's and Efron Dorado's repeated violations of this court's orders and their institution of two unnecessary legal actions in Puerto Rican courts.  Efron and Efron Dorado have repeatedly

ignored controlling law solely because it is not financially beneficial to their position. Their conduct, which was contrary to the Preliminary Injunction and this court's prior orders, caused considerable delays over the course of eighteen months and tens of thousands of dollars in unwarranted expenses to the receivership. What should have been a straight-forward exercise of obtaining and selling office equipment turned into several lawsuits, motions, and appeals. Meanwhile, the funds used for those expenses should have been available for consumer redress in this enforcement action.

Efron and Efron Dorado's pending appeal of the court's first order of contempt does not impact this court's authority to address and enter a second contempt order. The court did not stay its ruling pending the appeal, and the appeal did not relieve Efron and Efron Dorado from complying with this court's orders. However, they continued to commit new and recurring acts of contempt in violation of the Preliminary Injunction and the court's prior orders.

The court finds Efron and Efron Dorado in contempt of court for their continued defiance of the Preliminary Injunction and this court's prior Contempt Order. The court awards the Receiver reasonable attorney's fees and costs incurred in this contempt litigation and the unnecessary cases in Puerto Rico, including the Receiver's fees. The Receiver may file documents demonstrating those fees and costs within thirty days of the date of this Order. At this time, the court declines to issue sanctions to deter future misconduct because the property has been sold. However, the court will impose individual sanctions against both Efron and Efron Dorado if they engage in any conduct in violation of this court's orders.

For the reasons stated above, the court GRANTS the Receiver's Second Motion for Order

Holding Efron Dorado, S.E. and David Efron in Contempt of Court and for Civil Sanctions [ECF No. 213].

DATED this 8th day of November, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge