Doyle S. Byers, #11440
Cory A. Talbot, #11477
Engels J. Tejeda, #11427
Michelle Quist, #13559
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
DSByers@hollandhart.com
CATalbot@hollandhart.com
EJTejeda@hollandhart.com
MLQuist@hollandhart.com

*Attorneys for David K. Broadbent as Court-Appointed Receiver*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>ZURIXX, LLC, a Utah limited liability company, *et al.*,<br><br>Defendants. | **MEMORANDUM OPPOSING DAVID EFRON AND EFRON DORADO S.E.'S MOTION FOR STAY PENDING APPEAL AND IN OPPOSITION TO AWARD OF ATTORNEY'S FEES AND COSTS AND TO HOLD ANY JUDGMENT IN ABEYANCE**<br><br>Case No. 2:19-cv-00713<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

David K. Broadbent, the Court-appointed receiver (the "Receiver"), opposes the Motion for Stay Pending Appeal and in Opposition to Award of Attorney's Fees and Costs and to Hold Any Judgment in Abeyance ("Motion for Stay") [ECF No. 360] submitted by David Efron ("Efron") and Efron Dorado, S.E. ("Efron Dorado") as follows:

**MEMORANDUM**

Efron and Efron Dorado continue their contumacious behavior with yet another filing that is both untimely and meritless. Efron and Efron Dorado now seek to stay these proceedings pending appeal. The Court heard a similar request from Efron and Efron Dorado relating to the first contempt order and decided in a Memorandum Decision and Order [ECF No. 193] that a stay was not appropriate. The same result is warranted now. Here, once again, the Motion for Stay lacks any analysis of the factors a court must consider before granting a stay pending appeal. What is clear from the Motion for Stay is that Efron and Efron Dorado do not understand that filing an appeal does not stay the underlying proceedings unless and until either the district or the appellate court enters a stay. No such stay has been entered here, nor should it be.

Efron and Efron Dorado also claim to have somehow missed the opportunity to object to the contempt order and subsequent award of fees the Court has already ordered. As the Court has recognized, after eighteen months of obstructive tactics by Efron and Efron Dorado, the Receiver was finally able to sell the property, but not before considerable delays and tens of thousands of dollars in unnecessary expenses. Contempt sanctions were appropriate, and the Receiver has shown that the fees and costs awarded were reasonable.

The Motion for Stay is simply a rehash of Efron and Efron Dorado's already rejected arguments—including the absurd claim that the Receiver is trying to extort fees from Efron and Efron Dorado—to persuade the Court to stay its order finding contempt and granting sanctions. The Court should deny the Motion for Stay.

I.      Background.

Defendant Zurixx, LLC ("Zurixx") leased office space in Puerto Rico from Efron Dorado. At the time of the Receiver's appointment, the office contained various receivership assets, such as computer servers, documents, and furniture. The Receiver removed some of the receivership property, but discussions with Mr. Efron regarding these matters broke down, leading the Receiver to move the Court to hold Efron and Efron Dorado in contempt. *See* Receiver's Mot. for Order Holding Efron Dorado, S.E. & David Efron in Contempt of Court (the "First Contempt Motion") [ECF No. 115]. The Court granted the Receiver's First Contempt Motion on July 27, 2020 [ECF No. 166], and the order is currently pending appeal.

Despite the Court's order otherwise, Efron and Efron Dorado continued to obstruct the Receiver by preventing access to the property and filing an eviction action in Puerto Rico. Accordingly, the Receiver filed its Second Motion for Order Holding Efron Dorado, S.E. and David Efron in Contempt of Court and for Civil Sanctions (the "Second Contempt Motion") [ECF No. 213]. On November 8, 2021, the Court granted the Receiver's Second Contempt Motion and issued a Memorandum Decision and Order (the "Second Contempt Order") [ECF No. 334].

In the Second Contempt Order, the Court awarded the Receiver "reasonable attorney's fees and costs incurred in this contempt litigation and the unnecessary cases in Puerto Rico, including the Receiver's fees," and directed the Receiver to "file documents demonstrating those fees and costs within thirty days of the date of this Order." Second Contempt Order, at 3. The Receiver filed his Statement of Fees and Costs Incurred Related to Contempt Orders Against Efron Dorado, S.E. and David Efron (the "Statement") [ECF No. 348] on December 8, 2021.

Efron and Efron Dorado failed to object or respond in any way to the Statement, and the time for opposing and/or objecting to the Statement passed. The Receiver filed a Request to Submit on December 27, 2021 [ECF No. 352], again, with no response from Efron and Efron Dorado. On January 7, 2022, the Court entered its Order Granting Attorney Fees and Costs Incurred Related to Contempt Orders Against Efron Dorado S.E. and David Efron (the "Award Order") [ECF No. 356]. Efron and Efron Dorado now seek to stay the Second Contempt Order, the Award Order, and/or any subsequent judgment[1], which they have appealed.

## II.     Efron and Efron Dorado Failed to Timely Object to the Receiver's Statement.

Efron and Efron Dorado now claim they were somehow surprised when the Receiver filed his Statement and the Court ordered its award. Being that the Court specifically directed the Receiver to file such a statement in its Second Contempt Order (Second Contempt Order, at 3), the surprise is overwrought. The time to object has passed.

### A.     The contempt proceedings were not stayed.

Efron and Efron Dorado argue that the stipulation the parties in the Zurixx case entered on December 15, 2021, to stay the case in order to facilitate a settlement [ECF No. 349], somehow also stayed the Second Contempt Order as well as the Statement the Receiver filed on December 8, 2021. But neither the Receiver nor Efron and Efron Dorado were a party to the stipulation entered into between the parties in the Zurixx case. In fact, the order granting that stipulation [ECF No. 350] did not stay the contempt proceedings but did stay the deadlines "set

---

[1] Pursuant to Federal Rule of Civil Procedure 58(b)(1) and (d), the Receiver submitted to the Clerk of the Court a Request for Entry of Judgment Against Efron Dorado S.E. and David Efron [ECF No. 359] on January 19, 2022. A judgment has not yet been entered.

4

forth in the Amended Scheduling Order [ECF No. 305]." Order Granting the Stipulation of all Parties to Stay Case for 60 Days to Consider Settlement Agreement, at 1. These contempt proceedings were not included in the Amended Scheduling Order, and therefore were not stayed.

Even more importantly, the Receiver submitted a Request to Submit on December 27, 2021, of which Efron and Efron Dorado also ignored. If Efron and Efron Dorado were somehow surprised by the Statement or the Request to Submit, they could have filed an objection at any point within the next 11 days. Instead, they did nothing, and the Court entered the Award Order on January 7, 2022. Efron and Efron Dorado had every opportunity to respond to the Receiver's Statement, even if they were "surprised" by the filing.

Indeed, as the Court noted in its Second Contempt Order, "[t]he court did not stay its [First Contempt Order] pending the appeal, and the appeal did not relieve Efron and Efron Dorado from complying with this court's orders." Second Contempt Order, at 3. Similarly, these contempt proceedings were not stayed by the appeal nor by the stipulation filed on December 15, 2022, because the Court had already issued the Second Contempt Order and directed the Receiver to submit his fees and costs. All that was left was a calculation of the appropriate amount of attorney's fees, which the Receiver submitted, and the Court ordered.

    **B.**    **Efron and Efron Dorado conflate the contempt order with a motion for attorney's fees.**

Efron and Efron Dorado conflate the contempt order and resulting award with a motion for attorney's fees under Federal Rule of Civil Procedure 54 and local rule DUCivR 54-2. Rule 54 allows for a motion for attorney's fees and costs within 14 days after entry of judgment. Fed. R. Civ. P. 54(d). But the Receiver never filed a motion for attorney's fees under Rule 54, nor is the Court's Award Order premised on any such motion. The Receiver filed a motion for

5

contempt of court. The Court found Efron and Efron Dorado in contempt of court and awarded the Receiver reasonable attorney's fees and costs. Second Contempt Order, at 3. Rule 54, and Efron and Efron Dorado's related discussion of prevailing parties, fee-shifting statutes, and requirements for motions for attorney's fees, are not relevant to this Court's contempt award. Regardless, there is no doubt that the Receiver is the prevailing party on his Second Motion for Contempt because the Court found Efron and Efron Dorado in contempt.

      **C.**      **The fees and costs awarded were reasonable.**

The Receiver's Statement outlined in detail the costs and fees incurred related to the contempt litigation forced by Efron and Efron Dorado. The Receiver included with that Statement a Declaration from attorney Doyle Byers, which supported the amount of fees and costs requested and described their reasonable nature. The Receiver went through painstaking detail in each invoice to describe which fees were related to the contempt motions, and which fees were unrelated. Only those related fees were included in the Court's Award Order. The Receiver's Statement and accompanying Declaration also included specific information relating to individual attorneys who provided services and their respective rates. Finally, the Statement and accompanying Declaration also attested that the attorneys' rates were reasonable considering their legal training and level of experience, the nature and length of the firm's professional relationship with the Receiver, the amount in dispute, and the hourly billing rates charges by other legal professionals in Salt Lake City.

Efron and Efron Dorado now complain that the fees were not reasonable and the work not necessary. Ironically, Efron and Efron Dorado note that the value of the property eventually auctioned off was worth far less than the costs and attorney's fees awarded in contempt. Yet

6

Efron and Efron Dorado avoid all responsibility for obfuscating the Receiver's attempts to collect the Zurixx property in order to make that determination and for creating the circumstances that necessitated the added costs and fees. As the Court stated in its Second Contempt Order, "What should have been a straight-forward exercise of obtaining and selling office equipment turned into several lawsuits, motions, and appeals. Meanwhile, the funds used for those expenses should have been available for consumer redress in this enforcement action." Second Contempt Order, at 3.

In this case, the fees and costs awarded are limited to "those occasioned by the contempt." Motion for Stay, at 6 (quotation omitted). The Receiver was tasked by the Court to gather and preserve Zurixx's assets—all of them. Despite Efron and Efron Dorado's wish that the Receiver just give up on collecting the assets in the Puerto Rico office because of their limited value, the Receiver was obligated to collect them. The associated costs *would have been* similarly limited if Efron and Efron Dorado had not obstructed the Receiver's efforts every step of the way.

### III.     The Court Should Not Stay Enforcement of the Order Pending Appeal.

To obtain a stay, Efron and Efron Dorado must demonstrate that the following factors weigh in their favor:

> (1) the basis for jurisdiction in this Court and the Court of Appeals; (2) the likelihood of success on appeal; (3) the threat of irreparable harm if the stay is not granted; (4) the absence of harm to opposing parties if the stay is granted; and (5) any risk of harm to the public interest.

*United States v. Engstrum*, No. 2:08-CR-430 TS, 2009 U.S. Dist. LEXIS 65684, at *3 (D. Utah July 29, 2009) (citing 10th Cir. R. 8.1). Yet Efron and Efron Dorado do not even mention, much

less address, these factors. Absent such an effort, their Motion fails. *See* Fed. R. Civ. P. 7(b)(B) (requiring movants to "state with particularity the grounds for seeking the order"); *see also, e.g., Amann v. Office of the Utah AG*, No. 2:18-cv-341, 2019 U.S. Dist. LEXIS 33091, at *18 n.13 (D. Utah Feb. 28, 2019) (refusing to consider a "one-sentence argument" in a motion to dismiss because it failed to comply with Rule 7(b)(B)).

Efron and Efron Dorado's claim that the Second Contempt Motion was "a brazen attempt by the Receiver to deprive the Tenth Circuit of its jurisdiction of these matters" merely illustrates that Efron and Efron Dorado do not understand how appellate jurisdiction works. Motion for Stay, at 2. Indeed, both of Efron and Efron Dorado's appeals—from the First Contempt Order and the Second Contempt Order—are currently pending before the appellate court. Contrary to Efron and Efron Dorado's claim otherwise, this Court does not lack jurisdiction to enforce its own orders when the contempt orders are on appeal. The Court did not stay its ruling pending appeal—that is what Efron and Efron Dorado seek here. Until such a stay is granted—and Efron and Efron Dorado have given no reason for such a stay here—the Court, and the Receiver, can enforce the Second Contempt Order and the accompanying Award Order.[2]

## IV. Conclusion.

For the foregoing reasons, the Court should deny the Motion for Stay.

RESPECTFULLY SUBMITTED this 7th day of February 2022.

                                        HOLLAND & HART, LLP

                                        */s/ Michelle Quist*
                                        Doyle S. Byers
                                        Cory A. Talbot

---

[2] The Receiver renews his request that Judgment be entered.

               Engels J. Tejeda
               Michelle Quist
               *Attorneys for David K. Broadbent as the*
               *Court-Appointed Receiver*

18180256_v1