IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION and UTAH DIVISION OF CONSUMER PROTECTION,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ZURIXX, LLC, *et al.*,<br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-CV-713-DAK-DAO<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

　　　　This matter is before the court on Receiver David K. Broadbent's Request for Entry of Judgment Against Efron Dorado, S.E.[1] and David Efron ("Efron") [ECF No. 359] and Efron's Motion for Stay Pending Appeal and In Oposition to Award of Attorney's Fees and Costs and to Hold Any Judgment in Abeyance [ECF No. 360].  The court does not believe that oral argument would significantly aid in its determination of the motions.  Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions and the law and facts relevant to the pending motions.

　　　　The court has twice found Efron in contempt of court.  The court's second contempt order, entered November 8, 2021 ("Nov 8 Order"), awarded the Receiver reasonable attorney's

---

　　[1] As stated in this court's prior orders, the court again notes that David Efron can appear *pro se* for himself, but he cannot do so for Efron Dorado S.E..  If David Efron wishes to appear in this court as Efron Dorado's attorney, he must follow this court's *pro hac vice* rules.  Until such time as Efron Dorado S.E. is properly represented and before this court, the court will refer to the motions filed *pro se* by David Efron as being only for David Efron.

fees and costs incurred in the contempt litigation and the unnecessary cases in Puerto Rico and directed the Receiver to file documents demonstrating those fees and costs within thirty days. Efron did not filed a motion to reconsider this Order. But nine days later, and prior to the date for the Receiver to submit his documents, Efron filed a Notice of Appeal of the court's Nov 8 Order.

Despite the Notice of Appeal, the Receiver timely filed his Statement of Fees and Costs Incurred Related to Contempt Orders Against Efron Dorado, S.E. and David Efron, on December 8, 2021. Efron did not file an opposition to the Statement of Fees and Costs. Accordingly, on December 27, 2021, the Receiver filed a Request to Submit on the attorney's fees and costs. On January 7, 2022, Magistrate Judge Oberg granted the unopposed attorney's fees and costs, finding them reasonable and related to the matters for which the fees and costs were awarded. Efron did not file an objection to Magistrate Judge Oberg's Order.

On January 19, 2022, the Receiver filed a Request for Entry of Judgment against Efron Dorado S.E. and David Efron, asking the court to enter a separate judgment under Federal Rule of Civil Procedure 58. Efron did not oppose the Receiver's Request for Entry of Judgment. However, a week later, Efron filed a Motion for Stay Pending Appeal and in Opposition to Award of Attorney's Fees and Costs and to Hold Any Judgment in Abeyance. The Receiver opposed Efron's motion, but Efron did not file a reply in support of his motion. The time for filing a reply, however, has passed. Therefore, the court considers the matter fully briefed.

Efron's opposition to the Receiver's statement of requested attorney's fees and costs is untimely. The court specifically awarded reasonable attorney's fees and costs in its Nov 8 Order

and directed the Receiver to file the supporting documentation. Efron should not have been surprised when the Receiver followed the court's Order and submitted his statement of fees and costs. The Receiver was not filing a motion for attorney's fees under Rule 54, and it was not a premature filing as argued by Efron. The Receiver was merely complying with the court's Nov 8 Order. The deadline for Efron to object to the submitted fees and costs was December 22, 2021, fourteen days after the Receiver filed his statement of fees and costs. The Receiver did not file his Request to Submit the matter until December 27, 2021, and the court did not rule on the matter until January 7, 2022. Efron had ample opportunity to file an opposition to the requested fees and costs prior to the court's ruling.

In addition, even though the fees and costs were not opposed, the Magistrate Judge reviewed the fees and costs and found them to be reasonable and related to the contempt. Efron did not timely object to the Magistrate Judge's January 7, 2022 Order. Efron had fourteen days from the date he received the Magistrate Judge's Order to file an objection, given that he receives electronic notice from the court. Therefore, even if the court were to construe his opposition to the award of attorney's fees as an objection to the Magistrate Judge's January 7, 2022 Order, his January 26, 2022 opposition was untimely.[2]

Efron claims that he thought the case was stayed, but he was not a party to the stay. The court's Nov 8 Order explained that the *AMG* issues in the rest of the case did not impact the

---

[2] The court has reviewed *de novo* the Receiver's statement of fees and costs and agrees with the Magistrate Judge that the fees and costs are reasonable and related to the contempt. Therefore, even if Efron's opposition to the award of attorney's fees and costs could be considered a timely objection, the court affirms the Magistrate Judge's January 7, 2022 Order as the Order of the court.

Receiver's contempt motion against Efron and Efron Dorado. The contempt proceedings were not stayed. If Efron thought the contempt proceedings were stayed in connection with the rest of the case, he should have timely filed a response to the Receiver's December 27, 2021 Request to Submit or a timely objection to the Magistrate Judge's Order. He filed neither.

Furthermore, Efron's November 17, 2021 Notice of Appeal did not divest the court of jurisdiction to award the fees and costs the court granted in its Nov 8 Order. If a Notice of Appeal could divest the court's jurisdiction in this way, it would act as an automatic stay of a court's underlying order. The court had jurisdiction to award the specific fees and costs in its January 7, 2022 Order that it had generally granted in its prior Nov 8 Order.

Efron also asks the court to stay enforcement of the court's orders awarding attorney's fees and costs pending appeal. However, Efron does not address any of the required factors for a stay pending appeal. This alone is sufficient reason for denying the motion. Moreover, even if the court were to consider the factors, the court does not believe that Efron has a likelihood of success on appeal, and Efron has not suggested in any of his filings that he faces irreparable harm or that the Receiver does not face any harm. The award is only a monetary sanction, and Efron appears to have considerable means given that he has been able to engage in extensive litigation with the Receiver. Moreover, the Receiver expended considerable additional funds as a result of Efron's conduct, and those funds should be available for consumer redress in the underlying FTC enforcement action. Accordingly, the court denies Efron's request for a stay pending appeal.

Efron has not opposed the Receiver's request for a separate judgment under FRCP 58 for the award of fees and costs against Efron and Efron Dorado. The court sees no reason why the

award should not be entered in a stand alone judgment. The contempt proceedings are not intricately related to the rest of the case, and the rest of the case has a separate Stipulated Order for Permanent Injunction and Monetary Judgment in place. Accordingly, the court agrees that a separate judgment should be entered under FRCP 58.

For the reasons stated above, the court GRANTS the Receiver's Request for Entry of Judgment against Efron Dorado, S.E. and David Efron [ECF No. 359] and DENIES Efron's Motion for Stay Pending Appeal and In Oposition to Award of Attorney's Fees and Costs and to Hold Any Judgment in Abeyance [ECF No. 360]. The court will issue a separate judgment in accordance with this Order.

DATED this 12th day of April, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge